UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH E. CORDER, SR., on behalf
of himself and all others similarly situated            PLAINTIFF

v.                          CIVIL ACTION NO. 3:05CV-16-S

FORD MOTOR COMPANY                                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion for this court to recuse.

The motion is based upon a confidential memorandum the court prepared for his law clerks in 2006 upon initial review of dismissal/summary judgment motions.

Due to human error, the memorandum was placed in the public file, where it was discovered by plaintiff's counsel in the summer of 2007. It constitutes a preliminary reaction by the court to the pending motions, and was meant to orient the court's law clerks for further review and research before deciding how to dispose of those motions. It was never meant for public consumption.

The court rejects the contention by the plaintiff that the memo contains "extra judicial comments." Rather, the memorandum contains comments which were judicial, but within chambers.

That said, the court has taken the opportunity to again revisit the memorandum. On review, the court finds the contents of the memorandum to be remarkably perceptive.

No improper bias or prejudice is revealed. Rather, the court had certain concerns about the litigation, found aspects of it curious, and sought to sensitize his law clerks prior to their undertaking a review of the briefs.

This court was not born yesterday.  Neither, presumably, was the plaintiff or his counsel.  The court noted, as any competent judge would, the issues which were presented and some of the factual intricacies and probable strategies which would be revealed in the briefing.  This was done for the benefit of the court's law clerks, who are not as experienced in the law as is the court.

Perhaps the plaintiff would prefer a court which is more naive.  However, in the federal system, finding such a court is highly unlikely.

In this case, in fact, the parties were presented with a gift which most parties to federal litigation do not have:  an insight into the court's preliminary notions concerning the litigation.  Thus, they have had, and still have, an opportunity to disabuse the court of any notions they consider to be incorrect or unwarranted.

The court concludes that the plaintiff and his counsel have completely misconstrued the requirements of 28 U.S.C. § 455(a).  That statute, and judicial ethics in general, require that a court be impartial.  But that does not mean that a court cannot form an opinion regarding the contentions, strategies, and merits of a litigation.  In fact, that is precisely the job of a judge.

The court concludes that its impartiality cannot reasonably be questioned.

The motion for recusal will be denied.

**DATED:**

cc:     Counsel of Record.