UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH E. CORDER, SR., on Behalf
of Himself and All Others Similarly Situated                                         PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:05-CV-00016

FORD MOTOR COMPANY                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on defendant Ford Motor Company's motion to dismiss plaintiff Kenneth E. Corder's second amended complaint for failure to state a claim (DN 220). For the reasons herein, that motion will be denied.

## BACKGROUND

Briefly stated, the basic factual allegations made by Corder in this case are as follows: In model year 2003 Ford F-Series Super Duty Trucks, Ford installed a particular 6.0L Power Stroke Diesel engine that was widely-reported to have had issues. Beginning around July of 2003, Ford began making model year 2004 Super Duty Trucks, in which it installed that same type of engine. However, around October of 2003, Ford began installing an improved 6.0L Power Stroke Diesel engine, the "Job 1.5" engine. In May 2004, Corder purchased a 2004 Ford F-Series Super Duty Truck. He alleged that he thereafter discovered that the 6.0L Power Stroke Diesel engine in his truck was the pre-Job 1.5 engine that had the widely-reported problems. Corder brought claims on behalf of himself and others similarly situated against Ford for damages under the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.010 *et seq.*, restitution, and other

equitable and declaratory relief. Corder alleged that the sale of the 2004 truck with the pre-Job 1.5 engine was a deceptive practice. He also brought a claim against Ford for unjust enrichment.

After initial discovery, Ford moved for summary judgment. This court granted the motion, finding that Ford's actions were not unfair, false, misleading, or deceptive. This court also held that Corder failed to show that he had suffered "ascertainable loss of money or property" within the meaning of the KCPA. Finally, this court dismissed Corder's claim for unjust enrichment.

In a July 9, 2008 decision, the Sixth Circuit reversed this court's grant of summary judgment on the KCPA claim. *Corder v. Ford Motor Co.*, 285 F. App'x 226 (6th Cir. 2008). The Sixth Circuit held that there was sufficient evidence to raise a genuine issue of material fact regarding whether Ford's sale of a 2004 model Super Duty truck with a pre-Job 1.5 engine installed was an "unfair, false, misleading or deceptive" act. *Id.* at 228-229. The Sixth Circuit also found that Corder had produced sufficient evidence from which a jury could find that he suffered an "ascertainable loss of money or property" within the meaning of the KCPA. *Id.* at 229-230. However, the Sixth Circuit upheld the dismissal of Corder's unjust enrichment claim. *Id.* at 230.

Corder then filed a motion in this court to certify this action as a nationwide class action. This court denied that motion. Particularly pertinent here, this court found that the KCPA should not be applied to a nationwide class of purchasers of the Ford trucks at issue; rather, choice of law principles would mandate application of the laws of the states in which the putative class members had purchased their vehicles. Further, those state laws varied in ways that would make it nearly impossible to apply in a single action. Specifically, this court pointed to the fact that

some states' laws required proof of reliance, while others' laws did not. Additionally, because applying the law of a jurisdiction that required proof of reliance would entail an individualized inquiry into the state of mind of each consumer, it would be an overwhelming challenge to have a trial where the individual reliance of each of those numerous consumers must be proved.

Corder then filed a second amended complaint, alleging a single claim of violation of the KCPA. In that complaint, he proposed a class of only Kentucky residents who purchased the 2004 model Ford truck with the pre-Job 1.5 engine. Ford has now moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the second amended complaint for failure to state a claim.

## ANALYSIS

Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks ommitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The parties' dispute here centers around a purely legal issue of Kentucky law: whether reliance is an element of a claim for damages under the KCPA.[1] Ford argues that Corder was

---

[1] In its opinion denying Corder's motion to certify a nationwide class, this court identified
continue...

required to, but did not, allege that he relied upon Ford's allegedly deceptive act. Corder responds that reliance is not an element of a claim for damages under the KCPA. Instead, a plaintiff need only show that the defendant's alleged misrepresentation was material, which supplies the causal nexus between the allegedly deceptive act and the claimed loss. Corder also argues that the Sixth Circuit opinion reversing this court's grant of summary judgment has already resolved the issue of whether Corder adequately alleged a KCPA violation.

KRS § 367.170 proclaims, "Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Under the KCPA,

> Any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . to recover actual damages. The court may, in its discretion, award actual damages and may provide such equitable relief as it deems necessary or proper.

KRS § 367.220(1).

At the time the parties filed their papers pertaining to the motion to dismiss, no Kentucky case explicitly considered whether that provision required a plaintiff to prove his or her reliance on the defendant's allegedly unlawful practice to obtain damages. However, less than three months ago, the Kentucky Court of Appeals rendered a decision in *Merck & Co., Inc. v. Ratliff*,

---

[1]...continue
Kentucky as a state that does not require a showing of reliance. In support of that statement, this court cited to *Telcom Directories, Inc. v. Com. ex rel. Cowan*, 833 S.W.2d 848, 850 (Ky. Ct. App. 1991). However, as Ford persuasively points out, that was an action brought by the Attorney General to enjoin enforcement of an unlawful practice, not an action for damages brought by a private party. Those two types of actions are governed by different statutes: KRS § 367.190 applies to actions by the Attorney General for an injunction, while KRS § 367.220 applies to damages actions brought by private parties. Thus, the holding in *Telcom* that the Attorney General need not prove reliance by individual consumers is irrelevant to the separate question of whether a private party must prove reliance. Nevertheless, as explained in the main text, this court concludes that Corder was not required to specifically plead reliance to survive Ford's motion to dismiss.

2012 WL 413522 (Ky. Ct. App. Feb. 10, 2012). In that case, the plaintiff, a private party, brought an action against Merck alleging that Merck had concealed the dangerous side effects of Vioxx. *Ratliff*, 2012 WL 413522, at *1. The plaintiff sought to represent himself and a class of other similarly situated Kentucky residents in claims for violations of the KCPA, fraudulent concealment and/or misrepresentation, negligent and/or grossly negligent misrepresentation, and unjust enrichment. *Id.* at *2. The trial court certified the action as a class action. *Id.* On appeal from the certification order, the Court of Appeals found that the fraudulent and negligent misrepresentation claims posed "particular problems for class certification" because those claims each contained the element of reliance, which would require individualized proof. *Id.* at 5-7. However, in addressing the KCPA claim, the court noted that there were "fewer obstacles to a class claim." *Id.* at 5. In so stating, the Court of Appeals examined a Missouri court decision in a similar Vioxx case, *Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714 (Mo. Ct. App. 2009). *Ratliff*, 2012 WL 413522, at *5. The Court of Appeals noted that the Missouri consumer protection statute was "nearly identical" to Kentucky's. *Id.* Under the Missouri court's interpretation of the statute, the plaintiff did not have to prove "causation" with respect to each individual's decision to purchase Vioxx, but only that a loss resulted from Merck's allegedly unlawful practice. *Id.* Further, the Missouri court opined that the requisite loss could "be shown through a 'benefit-of-the-bargain' theory that the product or service received . . . was not worth what the customer paid for it." *Id.*

Based on the Kentucky Court of Appeals' contrasting discussion of the fraud claims and the KCPA claim, it is clear that the Court of Appeals was of the opinion that the KCPA did not require proof of reliance. We note that the Kentucky Supreme Court has not yet determined

whether to grant discretionary review of the Court of Appeals' decision. Nevertheless, in light of the fact that the Court of Appeals' opinion is the expressed view of a Kentucky appellate court on this issue of Kentucky law, we will pay heed to that opinion and decline to dismiss Corder's complaint on the basis that he did not allege that he relied on Ford's allegedly deceptive practice.

Other considerations also support the conclusion that Corder's complaint should not be dismissed for failing to plead reliance. First, the plain language of the statute does not mention reliance. Had the Kentucky Legislature intended to include an element of reliance for a damages claim under the KCPA, it easily could have done so. The Legislature's failure to use the word reliance in the KCPA statute is all the more telling in light of the fact that it has long been established that Kentucky common-law fraud claims require the plaintiff to prove the element of reliance. *See, e.g.*, *Cresent Grocery Co. v. Vick*, 240 S.W. 388, 389 (Ky. 1922).

Instead, by its very terms, the KCPA requires only that the plaintiff prove that he or she suffered an "ascertainable loss" that was the "result" of the allegedly deceitful practice of the defendant. Loss causation is different from reliance. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 552-553 (Ky. 2009) (a plaintiff must prove loss causation in addition to reliance in a common-law fraud claim); *Merck & Co., Inc. v. Ratliff*, 2012 WL 413522, at *5 ("Under this interpretation, causation need not be shown with respect to each individual class member's decision to purchase Vioxx, but merely that a loss resulted from the practice."). Thus, the plain meaning of the KCPA damages provision requires only a showing of a causal nexus between the plaintiff's loss and the defendant's allegedly deceitful practice, not a strict showing that the plaintiff relied on the defendant's allegedly deceitful practice.

Moreover, Kentucky courts interpreting the KCPA have noted that the act "is designed to provide broad protection to consumers victimized by unlawful and deceptive trade practices." *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 903 (Ky. 2008); *see Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 821 (Ky. 1988) ("Our examination and analysis of the various cases indicates clearly that the Kentucky legislature created a statute which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts."). Consistent with that interpretation of the KCPA's purpose, this court finds that Kentucky courts would be unlikely to impute the common-law fraud element of reliance into the statute where the statute does not use that word.

Additionally, this court's review of Kentucky cases examining KCPA damages claims reveals no language suggesting a reliance element. *See, e.g.*, *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 130-11 (Ky. 1998); *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 904-905 (Ky. 2008). While certainly not dispositive of the issue, the fact that Kentucky courts have never stated that there is a reliance element is a good indication that there is not one.

The Sixth Circuit's prior opinion in this case further supports the conclusion that it would be improvident for this court to now dismiss Corder's KCPA claim for failure to state a claim. Of course, the Sixth Circuit was not specifically confronted with the issue of whether Corder had to prove reliance to establish his right to damages under the KCPA. However, the Sixth Circuit did determine that Corder had presented sufficient evidence from which a jury could find that he suffered an "ascertainable loss of money or property." *Corder*, 285 F. App'x at 229-230. Implicit in that finding is a conclusion that the evidence presented by Corder was sufficient for a jury to find the requisite causal connection between Ford's allegedly deceptive practice and Corder's

ascertainable loss. In other words, it is clear from the Sixth Circuit opinion that it believed that Corder had produced sufficient evidence to send his KCPA claim to a jury, and this court is thus of the belief that he should not have his amended complaint asserting that very same claim dismissed for failure to state a claim.

In light of the foregoing, this court will deny Ford's motion to dismiss Corder's complaint. Because reliance is not an element of the KCPA, Corder was not required to plead it in order to state a claim.

## CONCLUSION

Ford's motion to dismiss Corder's second amended complaint will be denied. A separate order will issue in accordance with this opinion.

April 23, 2012

Charles R. Simpson III, Judge
United States District Court